**Harry James GUIDRY, Petitioner–Appellant,**

v.

**Anthony A. LAMARQUE, Respondent–Appellee.**

**No. 04–16471.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Harry James Guidry, Vacaville, CA, pro se.

Susan Orton, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Harry James Guidry, a California state prisoner, appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition challenging his state conviction for assault with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Appellant contends that the trial court erred when it denied his motion to terminate his pro per status and appoint counsel. We disagree. Because the trial court made a factual finding that appellant's request was an apparent effort to delay or disrupt the proceedings on the eve of trial, the district court correctly denied this claim. *Cf. Menefield v. Borg,* 881 F.2d 696, 700 (9th Cir.1989).

Appellant also contends that there was insufficient evidence to convict him of assault with a deadly weapon, however, a review of the record indicates that a rational trier of fact could find all the elements of the crime to return a guilty verdict. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Appellant's claims that (1) the trial court erred when taking evidence regarding his prior convictions while the jury was still deliberating; (2) the jury instructions given at trial were erroneous; and (3) the trial court erred in allowing appellant's parole agent to testify are waived because appellant fails to raise them on appeal. *See Mendoza v. Block,* 27 F.3d 1357, 1363 (9th Cir.1994) ("Failure to raise an issue on appeal results in waiver of that issue.").

Appellant's contentions that (1) the police failed to follow police procedure in investigating the crime scene; and (2) that the trial court erred in limiting appellant's cross-examination of the witness both fail because appellant does not state a federal claim on which federal habeas relief can be granted. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

The remainder of appellant's contentions are unsupported, conclusory allegations that must also be rejected. *See Jones v. Gomez,* 66 F.3d 199, 204 (9th Cir.1995).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

